**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| PINK FLOYD (1987) LIMITED.<br><br>                  Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>                  Defendants. | Case No.: 1:20-cv-07082<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT TO
DISMISS UNDER FED. R. CIV. P. 12(b)(2), (b)(5)**

Defendant BMJLUSAFashion, through its operator

ShenZhenShiXiDianLiangHuaGuangGaoBiaoShi Ltd. (hereinafter, "Defendant"), submits this

memorandum of law in support of its motion to dismiss based on lack of personal jurisdiction and

improper service. Because Defendant does not have minimum contacts with Illinois, it is not subject

to personal jurisdiction in this Court, and should be dismissed from this matter. Basing a federal

lawsuit on irrelevant contact is extraordinarily unfair and runs afoul of both the federal and the

Illinois Constitutions. Furthermore, the service of process is improper due to non-compliance of

Hague Convention. Because this Court cannot exercise personal jurisdiction over Defendant

consistent with the constitution and improper service of process, therefore, Defendant should be

dismissed from this present case.

3

**BACKGROUND**

The plaintiff sued hundreds of different online entities, which operated stores within Amazon and other websites. One of defendants, BMJLUSAFashion, moves this court to dismiss the complaint for lack of personal jurisdiction and improper service. Defendant has no connection to Illinois whatsoever. Defendant is a small business operated by Zhi E Xie. She is a resident of the People's Republic of China. She has never visited Illinois or anywhere in the United States. Neither her or her company maintain offices in Illinois. She does not own any real or personal property in Illinois. She has never filed a lawsuit in Illinois. She has never held bank accounts in Illinois. He has never warehoused or stored inventory in Illinois. She has never directed advertising or marketing towards Illinois. She has never contacted with an Internet service provider located in Illinois. Finally, she has never purchased goods or services for her business from entities or individuals located in Illinois. See Decl. of Xie. ¶¶ 1-15.

Regarding the products and trademarks in question in Complaint, no transaction was ever made to Illinois. Decl. of Xie. ¶ 17. The uncontroverted evidence here is that, there is no relevant contacts whatsoever, let alone "minimum contacts" with Illinois.

**ARGUMENT**

Defendant does not have minimum contacts with Illinois and as such personal jurisdiction cannot be constitutionally exercised in Illinois over this Chinese defendant. Further, the service of process was improper due to the non-compliance with the Hague Service Convention. Therefore, the Complaint against Defendant should be dismissed.

A.    **Personal Jurisdiction cannot be constitutionally exercised over Defendant.**

Once the defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found v.*

4

*Sanofi-Synthelabo, S.A.*, 388 F. 3d 773, 782 (7th Cir. 2003). To determine whether Bose has met its

burden, the Court may consider affidavits from both parties. *United Airlines, Inc. v. Zaman*, No. 14

C 9214, 2015 U.S. Dist. LEXIS 56982, at *3 (N.D. Ill. Apr. 30, 2015) (citing Felland v. Clifton, 682

F.3d 665, 672 (7 th Cir. 2012)). While courts must resolve factual disputes in the plaintiff's favor at

this early stage, unrefuted facts in the defendant's affidavits must be taken as true. Id. (citations

omitted).

The Plaintiff filed a complaint against hundreds of defendants, based on alleged individual

conduct that is unique as to each defendant. Defendant is a store operated by Chinese entity. Because

the Seventh Circuit has found no operative difference between the two constitutional limits, this

Court may limit its analysis to whether exercising jurisdiction over Defendants comports with the

Due Process Clause. *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *8 (citing *Hemi*, 622 F.3d at

756-57). Therefore, this Court may exercise personal jurisdiction over Defendants only if it is proper

under Illinois's personal jurisdiction statute and comports with the requirements of the Due Process

Clause. *Id.* (citations omitted).

> The Seventh Circuit has described the familiar personal jurisdiction standard as follows:
>
> [T]he defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Those contacts may not be fortuitous. Instead, the defendant must have purposefully established minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. Crucial to the minimum contacts analysis is a showing that the defendant should reasonably anticipate being haled into court in the forum State, because the defendant has purposefully availed itself of the privilege of conducting activities here.

*Hemi*, 622 F.3d at 757. General jurisdiction is permitted only where the defendant has "continuous

and systematic general business contacts" with the forum. *Helicopteros Nacionales de Colombia,*

*S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific jurisdiction is proper where the defendant has

"purposefully availed" herself of the benefits and protections of conducting activities in the forum

state, *see Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs, of Houston Metroplex, P.A*. 623 F.3d 440, 444 (7 th Cir. 2010) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 n.8. (emphasis added). As recently clarified by the Supreme Court, "[f]or a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, __ U.S. __, 134 S. Ct. 1115, 1121 (2014) (emphasis added).

When deciding whether a defendant is subject to specific personal jurisdiction in Illinois, the Seventh Circuit applies the "express aiming" test, which asks "whether the defendant intentionally aimed its conduct at the forum state, rather than on the possibly incidental and constitutionally irrelevant effects of that conduct on the plaintiff." *Mobile*, 623 F.3d at 444-45, 445 n.1 (emphasis added) (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). Defendants' contacts must also satisfy at least three requirements to be relevant: (1) the contacts are created by Defendants themselves; (2) the contacts are targeted at the forum state (as opposed to persons who reside there); and (3) the contacts bear on the substantive legal dispute. *See United*, 2015 U.S. Dist. LEXIS 56982 at *10 (citing *Walden*,___ U.S. ___, 134 S. Ct. at 1122-23; *Advanced Tactical*, 751 F.3d at 801-03; *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009)); *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1277-78 (7th Cir. 1997)).

The Seventh Circuit has cautioned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing *Hemi*, 622 F.3d at 760) (holding that the defendant was not subject to personal jurisdiction in Illinois).

Beyond simply operating an interactive website—even a "highly interactive" website— that is accessible from the forum state, a defendant must in some way *target* the forum state's market before she may be haled into court in that state without offending the Constitution. *Id*. at 558-59 (citations omitted).

1. **The Defendant Lacks the Minimum Necessary Contacts with Illinois to Support Specific Jurisdiction.**

Under *Walden*, *Advanced Tactical*, and *be2*, Defendant has insufficient contacts to be subject to this Court's jurisdiction. Further, while the outcome in *Hemi* is distinguishable from the case at bar, its reasoning is helpful here. In *Hemi*, the Seventh Circuit held that the defendant was subject to personal jurisdiction in Illinois specifically because its website expressly stated that it would not ship to New York residents, which indicated (albeit, indirectly) its willingness to ship to Illinois residents. *See Hemi*, 622 F.3d at 758; *cf. United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *26-27 (holding that it lacked personal jurisdiction over the defendant after distinguishing Hemi on the same grounds). Further, the defendant in *Hemi* had actually shipped the products to Illinois residents. See *Hemi*, 622 F.3d at 758; *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *26-27. The *Hemi* court clarified that it was the defendant's reaching out to residents of Illinois through its website and shipping history, rather than the plaintiff's inducement to ship, that created the minimum contacts. 622 F.3d at 758. No such facts are present here.

Likewise instructional is *Original Creations, Inc. v. Ready America, Inc*., where this Court distinguished *Hemi* on the basis that the web site in question did not exclude any particular state, thus removing the implication that it expressly targeted the other states. 836 F. Supp. 2d. 711 (N.D. Ill. 2011). Further, it found that an Internet web site was not sufficient alone to support personal jurisdiction where the only sale to Illinois was to the plaintiff, as here. Ultimately, this Court found personal jurisdiction, but based on a stream-of-commerce theory because the defendant sold through

7

distributors located in Illinois. *Id*. at 716. Other courts are in accord. *See, e.g., Sennheiser Elec. Corp. v. Evstigneeva*, supra at *7-8 (ordering the plaintiff to show cause why the case should not be dismissed for lack of personal jurisdiction where the only forum sale was to the plaintiff); *Boppy Co. v. Luvee Products Corp.*, 72 U.S.P.Q. 2d. 1577 (D. Colo. 2004) (single sale to the plaintiff's attorney was not a sufficient forum contact to support personal jurisdiction); *Edberg v. Neogen Corp.*, 17 F.Supp. 2d 104 (D. Conn. 1998) ("Only those contacts with the forum that were created by the defendant, rather than those manufactured by the unilateral, acts of the plaintiff, should be considered for due process purposes. To hold otherwise would allow a plaintiff to manufacture jurisdiction over a non-resident defendant in any forum, regardless of how inconvenient, even when the defendant has not purposefully directed any activity toward the forum state.") As the Supreme Court recently restated in Walden, "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, __ U.S. __, 134 S. Ct. at 1123 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Defendant did nothing to target the forum. Any contact with Illinois, if present at all, was *de minimis* and manufactured by Plaintiff. Specific jurisdiction is lacking because the Plaintiff is the only link between them and Illinois, *id*. at 1122, and only one sale would not be enough where he has not specifically targeted the forum. *Advanced Tactical*, 751 F.3d at 801-02. To allow the Plaintiff to hale Defendant into court without even a minimum number of contacts offends Constitutional principles. This Court should dismiss the complaint as to Defendant for lack of personal jurisdiction.

Defendant is not subject to personal jurisdiction in Illinois. First, it is undisputed that Plaintiff does not have continuous and systematic general business contacts in Illinois, see Decl. of Xie ¶ 5-15, so this Court should focus on the specific-jurisdiction inquiry. Second, Defendant's conduct was

not directly – much less "expressly aimed" – at Illinois. *See, e.g., Sennheiser Elec. Corp. v. Evstigneeva*, No. CV 11-07884 GAF (FFMx), 2012 U.S. Dist. LEXIS 79328, at *7 (C.D. Cal. June 7, 2012) ("[T]here is no evidence in this case suggesting that Defendant's eBay page, despite being interactive, targets or is in any way directed toward California."); *Imageline, Inc. v. Hendricks*, No. CV 09-01870 DSF (AGRx), 2009 U.S. Dist. LEXIS 71125, at *12 (C.D. Cal. Aug. 12, 2009) ("The Defendants' sales to California residents [via eBay] were not specifically directed contacts, but instead occurred only because the purchasers of Defendants' goods happened to reside in California. There was no 'individualized targeting' of California.")

There is no evidence that Defendant ever shipped a product to Illinois. At most the stores operated online stores within Amazon that were accessible from Illinois, as well as everywhere else. The legal representative of Defendant has never been to the United States. See Decl. of Xie ¶ 6. Defendant does not maintain a business presence in Illinois, does not pay Illinois taxes, has never filed suit in Illinois, does not bank in Illinois, does not store inventory in Illinois, does not target advertising or marketing to Illinois residents, has never contracted with an ISP in Illinois, has not formed contracts in Illinois, and has only ever shipped any allegedly-infringing products to Illinois. *Id*. at ¶¶ 7-17. Under well-established principles, Defendant is not subject to personal jurisdiction in this Court. The Plaintiff, Pink Floyd (1987) Limited, is also not an Illinois resident. It is a limited company having its principal place of business in United Kingdom. See Compl. ¶14, Dkt. 1.

2. **Jurisdiction Cannot Be Exercised Over Defendant Consistent with Traditional Notions of Fair Play and Substantial Justice.**

Finally, even if this Court finds a bare minimum of contacts with Illinois, jurisdiction over Defendant is only proper if exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Hemi*, 622 F.3d at 759 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In making this determination, the Court should consider: [T]he burden on the

9

defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies. *Id*. (alteration in original). The factors are considered under a sliding scale: the weaker the defendant's contacts with the forum state, the less likely it is that exercising jurisdiction over that defendant is appropriate. *Id*. at 759-60.

Here, the connection to Illinois is minimal. The burden on the Defendant is significant, as it has no contact with Illinois or the United States but instead is citizen and resident of China. Illinois' interest in this case is likewise weak. The allegations at most address *di minimis* causing virtually no appreciable actual injury to the Plaintiff. The Plaintiff is not a citizen or resident of Illinois. Rather, Plaintiff is a limited company having its principal place of business in United Kingdom. See Compl. ¶14, Dkt. 1. As a result, if there is any country with jurisdiction to adjudicate the Plaintiff's claim, it should be either United Kingdom or China. Illinois courts cannot provide any particular efficiencies in resolving this matter either. So, even if this Court finds that the absolute bare minimum contacts might exist, it should still dismiss because the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.

**B.    Defendant was not served with adequate process prescribed by the Federal Rule of Civil Procedure.**

The Lanham Trademark Act does not have a provision allowing extraterritorial service of process. *Webster Dictionary Corp. v. Ginzburg*, 70 F.R.D. 412, 413 (N.D. Ill. 1975); *Mallard v. Mallard*, No. 90 C 3335, 1992 WL 47998, at *2 (N.D. Ill. Mar. 4, 1992). "[T]he plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing *Homer v. Jones–Bey*, 415 F.3d 748, 754 (7th Cir. 2005)).

Every defendant must be served with a copy of the complaint and summons in accordance with Rule 4. Fed. R. Civ. P. 4(b), 4(c)(1). Defendant is Chinese business entity with no physical presence in the United States. Rule 4(f) authorizes two methods of service at issue here. First, service may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1). Second, Rule 4(f)(3) authorizes service "by other means not prohibited by international agreement, as the court orders."

Both the United States and China are signatories to the Hague Service Convention. The Hague Service Convention has the force of federal law and limits available methods of service under Fed. R. Civ. P. 4(f)(3). Intended to simplify and standardize serving process abroad, the Hague Service Convention "specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Men*on, 137 S. Ct. 1504, 1507 (2017) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988) (noting that "compliance with the Convention is mandatory in all cases to which it applies.")); *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Ackermann v.Levine*, 788 F.2d 830, 838 (2nd Cir. 1986).

Service of process by email is inappropriate in our case since (1) the Hague Service Convention is applicable to our case; and (2) Plaintiff failed to serve Defendant properly under the Hague Service Convention.

1. **The Hague Service Convention is Applicable in Our Case since the Plaintiff Can Take Reasonable Effort to Find Moving Defendant's Physical Address.**

Courts look to Article 1 to determine whether the Hague Service Convention applies. *Schlunk*, 486 U.S. at 699. Article 1 specifies the Hague Service Convention's scope. The first sentence states the "Convention shall apply in all cases, in civil or commercial matters, where

11

there is occasion to transmit a judicial or extrajudicial document for service abroad." *Id.*

(quoting Article 1 of the Hague Service Convention, 20 U.S.T. at 362). Article 1 further

states the Hague Service Convention does not apply "where the address of the person to be

served with the document is not known." Art. 1, 20 U.S.T. at 362.

Courts have interpreted the second sentence of Article 1 consistently. A plaintiff

cannot close its eyes to the obvious to avoid the Hague Service Convention; the plaintiff must

make reasonably diligent efforts to learn a defendant's mailing address. *See, e.g., Advanced*

*Access Content Sys. Licensing Admin., LLC v. Shen*, 2018 WL 4757939, at *4– 5 (S.D.N.Y.

Sept. 30, 2018); *Progressive Se. Ins. Co. v. J & P Transp.*, 2011 WL 2672565, at *3 (N.D.

Ind. July 8, 2011) (citing *Opella v. Rullan*, 2011 WL 2600707, at *5 (S.D. Fla. June 29,

2011)); *Compass Bank v. Katz*, 287 F.R.D. 392, 394–95 (S.D. Tex. 2012) (collecting and

discussing cases).

Defendant uploaded its true and correct address to Amazon.com when it registered its

account with Amazon. Decl. of Xie, ¶ 4. Moreover, a true and correct copy of Defendant's

business information posted on Amazon.com is attached herein. Business Info., Exhibit 1.

Thus, this is not a case "where the address of the person to be served with the document is not

known". Plaintiff can obtain Defendant's physical addresses from Amazon.com because

Defendant uploaded its physical addresses.

Therefore, Plaintiff has failed to carry its burden to show that Defendant's address was

unknown. Consequently, the Hague Service Convention applies in this case.

## 2. Plaintiff Failed to Serve Moving Defendant Properly under the Hague Service Convention.

The Supreme Court of the United States has stated that the drafters of the Hague

Service Convention intended to prohibit a method of service not mentioned in its text. The

12

Supreme Court took a broad view of the Convention in 1988, holding that it "pre-empts inconsistent methods of service . . . [wherever] it applies." *Schlunk*, *supra*, 486 U.S. at 699. The Court reaffirmed that holding, quoting this language verbatim, in 2017. *Water Splash*, 137 S. Ct. at 1507.

The Hague Convention permits service only by the following means: via a central authority (Articles 2-7), diplomatic and consular agents (Articles 8-9), mail or through a judicial official of the State of destination if the destination State does not object (Article 10), methods allowed by other applicable international agreement (Article 11), and other means as allowed by the internal laws of the destination State (Article 19). *See Water Splash Inc.*, 137 S. Ct. at 1508 (reviewing permitted service methods). "The legal sufficiency of a formal delivery of documents must be measured against some standard. The Convention does not prescribe a standard, so we almost necessarily must refer to the internal law of the forum state." *Schlunk*, 486 U.S. at 700.

This court has found that China's Article 10(a) objection precludes email service. *Luxottica Grp. S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019), *reconsideration denied in part*, No. 18 CV 2188, 2019 WL 2357011 (N.D. Ill. June 4, 2019). Plaintiff did not take any action to serve Defendant by any means permitted by the Hague Convention.

Rather, Plaintiff filed motion for electronic service of process based on a declaration and circumstances that are not suitable to this present case. It is true that this Court has allowed precisely email service in the past. See *Strabala v. Zhang*, 318 F.R.D. 81 (N.D. Ill. 2016). However, "email service of [a China-based] online business defendant is warranted when the defendant has no readily discoverable physical address, conducts business over the Internet, and uses email regularly in contacting customers." *Gianni Versace, S.P.A v. Yong Peng, et al.*, No.

18 C 5385, R. 70 at 2; citing *Rio Props., Inc.*, 284 F.3d at 1017-18. Here, unlike the defendant in *Gianni Versace*, Defendant has readily discoverable physical address listed on Amazon web page. Business Info., Exhibit 1.

For the above stated reasons, Defendant has not been served with process in compliance with the Hague Service Convention as prescribed by the Federal Rules of Civil Procedure. Therefore, Defendant's motion to dismiss Plaintiff's Complaint should be granted with prejudice.

Respectfully Submitted:

Date: 01/27/2021                                    /s/ Tianyu Ju

Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
***Attorney for Defendant***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this January 27, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, along with the attached Declaration and Exhibit 1, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Respectfully Submitted:

Date: 01/27/2021                          /s/ Tianyu Ju

Tianyu Ju, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
***Attorney for Defendant***